UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID and AMANDA SAKALOWSKI, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 4:10CV02052 AGF |
| METRON SERVICES, INC., and MIRACLE DEBT GROUP, LLC, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to compel arbitration. For the reasons set forth below, the motion shall be granted as to Defendant Metron Services, Inc. ("Metron"), and stayed as to Defendant Miracle Debt, LLC ("Miracle").[1]

## BACKGROUND

This is a putative class action filed on October 28, 2010, by husband and wife, David and Amanda Sakalowski, both Missouri residents, against Metron and Miracle, both California entities. Plaintiffs assert claims of breach of fiduciary duty, the unauthorized practice of law, and violation of the Missouri Merchandising Practices Act. They bring the action on behalf of themselves and all Missouri residents who have allegedly been victims of improper and illegal conduct on the part of Defendants in

---

[1] This party is referred to in the pleadings both as Miracle Debt Group, LLC, and Miracle Debt Solutions, LLC.

negotiating consumer debt settlements for them.  Plaintiffs allege that the two Defendants were jointly operated and did business jointly, an allegation that Defendants admitted.

The record establishes that on July 15, 2009, Plaintiffs and Metron entered into a Service Agreement for Metron's services in debt negotiation and settlement for the benefit of Plaintiffs, as Metron's "Client."  The Service Agreement contained the following arbitration provision:

> Arbitration.  Both parties agree that if Client feels that a dispute cannot be resolved between parties per the terms of this Agreement, Client will submit a request to AAA (American Arbitration Association) for binding arbitration by an arbitrator. The location of any arbitration shall be in the county [Metron] resides in. Client understands that by entering into this Agreement, Client is specifically agreeing to binding arbitration and any decision resulting there from, and waiving all rights to avail itself of a judicial proceeding in any state, federal or other governmental court, or any proceeding or complaint in any state, federal or other governmental court, or any agency proceeding or complaint process.  Client and [Metron] agree to waive any claim to seek prevailing party attorneys' fees or costs, and waive any right to assign or transfer their claims, including, but not limited to, any form of class action proceeding.  Client and [Metron] agree that the law of the state in which the consumer resides at time of signature shall apply to this agreement.

Defendants did not move to compel arbitration or to stay the case when they answered the complaint on November 22, 2010.  Defendants assert that this was because under Missouri case law which was then applicable, Plaintiffs "would have undoubtedly argued that certain provisions of the arbitration provision in the Metron Service Agreement were unconscionable and, therefore, the entire arbitration provision was unenforceable."  At the time, Missouri law held that a class-arbitration waiver was unconscionable and not enforceable. *See Brewer v. Mo. Title Loans, Inc.*, 323 S.W.3d

18, 20-23 (Mo. 2010) (holding that a class arbitration waiver found in a consumer contract of adhesion was unenforceable), *vacated*, 131 S.Ct. 2875 (2011). The parties proceeded to engage in some discovery,[2] and to litigate Defendants' motion to disqualify Plaintiffs' initial counsel. In addition, Defendants filed a motion to dismiss based on judicial estoppel, which has now been fully briefed.

On April 27, 2011, the United States Supreme Court issued *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1747-52 (2011), which held that the Federal Arbitration Act ("FAA") preempted a state's unconscionability law regarding arbitration of potential class action claims, and that under the FAA, arbitration clauses providing that all disputes would be arbitrated, but not permiting class arbitration, are enforceable. On May 2, 2011, the Supreme Court vacated numerous decisions, including *Brewer*. At the May 3, 2011 hearing on Defendants' motion to disqualify Plaintiffs' initial counsel, Defendants informed the Court that they were in the process of reviewing the implications of *Concepcion* in the instant action.

On June 3, 2011, Defendants filed the present motion to compel arbitration and to stay the litigation pending resolution of the matter in arbitration. Defendants assert that the motion is timely in light of the change in law, and that Plaintiffs would not be prejudiced if arbitration were compelled now, as only limited discovery has been

---

[2] Defendants assert, and Plaintiffs do not dispute, that Defendants' discovery to date consists of one set of requests for production of documents, to which Plaintiffs responded with 14 pages of documents; and deposing Plaintiffs, which took a total of one day.

conducted, any discovery could be used by Plaintiffs in the arbitration proceedings, and no motions on the merits have been filed. Consequently, according to Defendants, Plaintiffs should be compelled to arbitrate their claims *individually*.

Defendants argue that Miracle, though a non-signatory to the Service Agreement, should also be able to enforce the arbitration provision therein because Plaintiffs' claims against both Defendants are identical, rely on the Service Agreement, do not distinguish between the alleged acts of each Defendant, and because Plaintiffs alleged that both Defendants operate jointly.

Plaintiffs argue in opposition that Defendants have waived their right to enforce the arbitration provision because they failed to raise the issue previously in the course of this litigation, thereby acting inconsistently with an intention of seeking arbitration. Plaintiffs further assert that they have already incurred substantial expenses in litigating the case and would suffer "obvious prejudice" if compelled to arbitrate at this point.

With regard to Miracle, Plaintiffs contend that as Miracle did not sign the Service Agreement, the arbitration provision therein does not apply to that entity. Plaintiffs also state that as a result of information obtained in depositions of Defendants' corporate designees taken on June 15 and 16, 2011, Plaintiffs will be filing a motion for leave to file an amended complaint that reflects the separate and distinct nature and actions of the two Defendants. Plaintiffs state that they are waiting for the transcripts of these depositions to file such a motion, and ask the Court to stay any ruling on Defendants'

motion to compel arbitration, if the Court determines that the motion to compel was timely.

## DISCUSSION

"In light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Bank of Am. N.A. v. UMB Fin. Servs., Inc.,* 618 F.3d 906, 914 (8th Cir. 2010) (quoting *Ritzel Commc'ns, Inc. V. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 968-69 (8th Cir. 1993). Nevertheless, courts "will find waiver where the party claiming the right to arbitrate: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." *Id.*; *see also Hooper v. Advance Am., Cash Advance Ctrs. of Mo, Inc.*, 589 F.3d 917, 921 (8th Cir. 2009). "[T]he issue of waiver arises in a variety of arbitration agreements and in a variety of procedural settings." *Erdman Co. v. Phoenix Land & Acquisition, LLC*, ___ F.3d ___, 2011 WL 3568929, at *2 (8th Cir. Aug. 16, 2011). "Although prejudice manifests itself in myriad ways, '[p]rejudice results when . . . parties . . . litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts.'" *Hooper*, 589 F.3d at 923 (quoting *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003).

Here the Court concludes that the motion to compel arbitration was not untimely, in light of the change in law. *See In re Cal. Title Ins. Antitrust Litig.*, No. 08–01341 JSW, 2011 WL 2559633, *3 (N.D. Cal. June 27, 2011) (holding that motion to compel arbitration that was filed based on *Concepcion,* after case had been litigated "for some

time" was timely, as filing such a motion earlier would have been futile, and substantive discovery had "only recently commenced"); *Nesslage v. York Sec., Inc.*, 823 F.2d 231, 234 (8th Cir. 1987) (holding that stock brokerage firm and registered account representative for firm did not waive their right to enforce arbitration provision in margin agreement by waiting almost two years before filing motion to compel arbitration and by actively participating in discovery, where motion to compel arbitration was filed soon after Supreme Court decided that claims were subject to arbitration, and discovery being conducted at the time related to claims which were not arbitrable).

Although "[t]he prejudice threshold . . . is not onerous," *Erdman Co.*, 2011 WL 3568929 at *3, the Court concludes that the record does not support a finding that Plaintiffs, as the parties opposing arbitration, sustained the requisite prejudice under the facts of this case.

The Court further concludes that pursuant to the terms of the arbitration provision in the Service Agreement, Defendants' motion to compel arbitration individually is well taken as to Metron. The Court believes that, as the case is currently pled, Miracle can also compel Plaintiffs to arbitrate their claims against it. "[S]tate contract law governs the ability of nonsignatories to enforce arbitration provisions." *PRM Energy Sys., Inc. v. Primenerg, LLC*, 592 F.3d 830, 833 (8th Cir. 2010). In *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421 (Mo. 2003), the Missouri Supreme Court recognized the general principal that in an appropriate case, "signatories to contracts containing an arbitration agreement [could be] estopped from avoiding arbitration with nonsignatories

when the issues the nonsignatories were seeking to resolve in arbitration were intertwined with the agreement signed by the signatory," that is, where the claims against the nonsignatories "were integrally related to the contract containing the arbitration provision." *Id.* at 436. As presently pleaded, this is certainly the situation here as to Miracle, and this Court believes, that under Missouri law, Miracle is entitled to compel arbitration, along with Metron.

However, in light of Plaintiffs' representation that they are considering filing a motion for leave to file an amended complaint, separating the claims against each Defendant, the Court will stay its ruling on the motion to compel arbitration as to Miracle for 14 days from the date of this Memorandum and Order, to afford Plaintiffs an opportunity to do so. If such leave is sought and granted, Plaintiffs will then have seven days within which to file a supplemental response to Defendants' motion to compel arbitration as to Miracle, with Miracle having seven days thereafter to reply. If leave to amend the complaint is not sought in the time allowed, Defendants' motion to compel arbitration will be granted as to Miracle.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel arbitration is **GRANTED** as to Defendant Metron Services, Inc., and **STAYED** for 14 days as to Defendant Miracle Debt Group, LLC. [Doc. #37]

                                            _____
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2011.